UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE SOBEL, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE CORPORATION, THE ALLSTATE CORPORATION, SQUARETRADE INC., and CE CAREPLAN CORP.,<br><br>                     Defendants. | No.  20-cv-1515<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §349 AND §350 AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bruce Sobel ("Plaintiff"), individually and on behalf of all others similarly situated, by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief based upon the investigation conducted by counsel as to all other matters.

## NATURE OF THE ACTION

1.    Plaintiff brings this action individually and as a class action against Costco Wholesale Corporation ("Costco" or the "Company") and SquareTrade, Inc. and CE Care Plan Corp. (collectively, "SquareTrade"), and The Allstate Corporation ("Allstate") on behalf of all purchasers of a SquareTrade Protection Plan from Costco (a "Protection Plan") for a Covered Item that has a manufacturer's warranty of more than two-years in New York State from February 19, 2017 to the present (the "Class Period").

2.      This action seeks to remedy the unfair, deceptive and unlawful business practices of Defendants with respect to the advertising, marketing and sales of Protection Plans through Costco in connection with certain consumer electronics and appliances.

3.      Costco is the second largest retailer in the United States.  The Company operates a chain of member-only warehouse clubs that sells goods and services, offering wholesale prices of various products such as food and perishables, home goods, electronics, computers and related products, home furniture and appliances, jewelry, tires, and more.  As of December 31, 2019, Costco had a total of 785 warehouses, with 19 retail locations in New York.

4.      SquareTrade is a warranty provider that sells and administers extended warranties and service plans directly and through a number of major retail partners, including Costco.

5.      Since approximately 2012, Costco offers exclusively to its members the option to purchase extended warranty coverage through SquareTrade for certain categories of products bought at a Costco warehouse or online at Costco.com, including warranties on televisions, tablets, cameras, computers, and major appliances ("Covered Items").

6.      Costco advertises and sells Protection Plans to its members either in retail stores or online through dedicated webpages.  In an effort to sell Protection Plans at the point of sale, Costco provides or makes available to its members a brochure-type pamphlet.  The Protection Plan brochure (the "Brochure," attached as Exhibit A) summarizes certain coverage and services included as part of the Protection Plan, but customers are not provided with the full terms and conditions ("Terms and Conditions") of the plan at the time of, or prior to, purchase.  The Brochure states that members who purchase a Protection Plan get "5 total years of protection," and states that years one and two are covered by the manufacturer or Costco Concierge Services, and years three through five are covered by SquareTrade.  The Brochure does not include any additional

information concerning variations in coverage by SquareTrade, such as if a manufacturer's warranty is five years.  No Costco employee provides the Terms and Conditions to a member prior to purchase, and the Brochure merely includes a URL web address ("Visit SquareTrade.com/terms for full Terms & Conditions") for members to access the Terms and Conditions of the Protection Plan they purchase.

7.     On its website, Costco sets forth a general summary of the coverage and services provided under the Protection Plan, but customers are not provided with the full terms of the plan at the time of purchase.  Even though Costco's website provides a link to the terms and conditions of the Protection Plan being purchased, that link takes the purchaser to a document entitled "SAMPLE TERMS & CONDITIONS," which states on the first page the following "Please note: This is a sample Terms and Conditions only.  You will receive your actual Terms and Conditions after your purchase is completed."  *See* Costco's website, https://www.costcobusinessdelivery.com/SquareTrade-3-Year-Protection-Plan-(For-TVs-Under-%24500).product.100332982.html and https://cdn0.resellerratings.com/CDN-20180710135602/static/images/close.png (last visited February 4, 2020).   Given Costco's disclaimer, no reasonable consumer would believe that the "sample" terms and conditions applied to their specific protection plan.  When Costco members purchases a Protection Plan in a Costco warehouse, Costco does not provide the Terms and Conditions to the purchaser at the time of sale.

8.     By failing to provide access to the Terms and Conditions of the Protection Plan prior to purchase, Costco and its sales representatives can knowingly or unknowingly misstate the contractual terms without fear that a consumer could verify the validity of the sales pitch.  Further, consumers are unable to understand the scope of coverage offered by the Protection Plan before or even after purchasing it.  In fact, the Terms and Conditions often restrict or even contradict what

is advertised on the Costco website, and in some instances, the Terms and Conditions make clear that the Protection Plan may offer very little more, if any, than the manufacturer's warranty that already comes with the Covered Items.

9.      The benefits of the Protection Plans sold by Costco are limited because the benefits do not start until after the end of the manufacturer's warranty for the Covered Items.  And for some Covered Items, Costco sells Protections Plans that confer little benefit to purchasers where the manufacturer's warranty does not expire during the length of the Protection Plan, meaning that customer will never get virtually no benefit from the plan.

10.      Also, although Costco aggressively sells the Protection Plans at the time a customer purchases the underlying Covered Item, a consumer can purchase the plan within 90 days of purchasing the eligible item, depending on the item, which is not disclosed to the purchaser during an in-warehouse sale.   Therefore, Costco is essentially preying on consumers to purchase a Protection Plan well before the customer has the opportunity to determine if the plan offers any benefit (such as determining the length and scope of the manufacturer's warranty for the Covered Item).

11.      In the instance of Plaintiff's purchase, a Costco salesperson asked Plaintiff to consider purchasing a five-year Protection Plan in connection with the purchase of a television, and provided him with the Brochure.  The Costco salesperson did not inform Plaintiff that the Protection Plan would virtually be worthless because the television already came with a 5-year manufacturer's warranty – for the full five-years of the Protection Plan.  Plaintiff was led to believe the Protection Plan would provide him with a minimum of eight years of warranty coverage (*i.e.*, 5-year manufacturer's warranty plus 3 years covered by the Protection Plan warranty).  In reality, Costco omitted material facts and misrepresented the plan's terms, thereby inducing Plaintiff to

purchase a Protection Plan that offered little additional coverage beyond that of the manufacturer's warranty. Plaintiff paid for the television and Protection Plan and was given a receipt. The Terms and Conditions of the Protection Plan were never provided to Plaintiff.

12.     As a result of Costco's and SquareTrade and Allstate's unlawful course of conduct, Plaintiff and the Class have suffered restitution interest damages in the amount of the price of the Protection Plan because in many instances they did not receive the value of the services promised by Defendants.

13.     Plaintiff seeks damages and injunctive relief enjoining Costco and SquareTrade from selling the Protection Plan at Costco without providing the Terms and Conditions prior to purchase or informing members that the Protection Plan benefits vary, depending on the Covered Item's manufacturer's warranty.

## JURISDICTION AND VENUE

14.     This Court may assert diversity jurisdiction of this matter under the Class Action Fairness Act of 2005 in that the aggregate claims of Plaintiff and members of the Class exceed the sum or value of $5,000,000, and diversity of citizenship exists between at least one member of the proposed Class and Defendants.

15.     Although Costco and/or SquareTrade possess information demonstrating the exact size of the Class, Plaintiff believes that at least thousands of people purchased a Protection Plan at a Costco retail location in New York State during the relevant time period herein.

16.     This Court has personal jurisdiction over defendants because Costco and SquareTrade maintain sufficient contacts in this jurisdiction, including retail stores and the marketing and distribution of the Protection Plans.

17.     Venue is proper in this District because a substantial part of the events and omissions giving rise to the claim occurred in this District, including the marketing, distribution and sale of the Protection Plans in this District.

## THE PARTIES

18.     Plaintiff Bruce Sobel is a resident and citizen of the State of New York.  Plaintiff purchased a Samsung 65" Class – Q7D Series – 4K UHD QLED LCD television and a Protection Plan at a Costco retail location in Oceanside, New York during the relevant time period.  Plaintiff was not provided with the Terms and Conditions of the Protection Plan at the time of purchase or any time thereafter, and was unaware that the Protection Plan that he purchased did not provide the coverage averred by the Costco as alleged herein.  Had Plaintiff been given truthful and accurate sales materials representing the terms of the extended warranty before he purchased his Protection Plan, Plaintiff would not have purchased the Protection Plan.

19.     Costco is a Washington corporation with its corporate headquarters located at 999 Lake Drive, Issaquah, Washington 98027, and it is authorized to and does do business in the State of New York and within this District.  Costco owns and operates membership warehouses that advertise, distribute, market and sell Square Trade Protection Plans to consumers throughout New York State.  According to Costco's 2019 Annual Report, Costco generated sales of about $149.35 billion and operated a total of 782 warehouses.  Thus, Costco's average sales per warehouse amount to $182,000,000.  According to Costco's website, it operates a total of 19 warehouses in New York State.

20.     SquareTrade is a consumer product protection plan provider headquartered at 360 3rd Street, 6th Floor, San Francisco, California, 94107.  SquareTrade provides protection plans for consumer appliances and electronics, such as TVs, smartphones and computers, and distributes

protection plans through many major retailers in the United States.  In January 2017, SquareTrade was acquired by Allstate for approximately $1.4 billion in cash.  Allstate's public filings identify SquareTrade as part of Allstate's "Service Businesses" segment.

21.     Allstate is headquartered at 2775 Sanders Road, Northbrook, Illinois 60062. Allstate is one of largest publicly traded property casualty insurance company in the United States. According to Allstate's fourth quarter 2019 financial results, publicly filed on February 4, 2020, Allstate is phasing out the trade name SquareTrade in the United States and the protection plans will be offered as Allstate Protection Plans.

22.     CE Care Plan Corp. ("CE Care") is a wholly-owned subsidiary of Allstate (previously SquareTrade), and is a registered service contract provider.  CE Care is named as a defendant solely because SquareTrade's Protection Plans Terms and Conditions identify CE Care as the obligor, rather than SquareTrade (except in certain states).

## SUBSTANTIVE ALLEGATIONS

***SquareTrade's Products are a Lucrative Business***

23.     SquareTrade markets, sells and administers extended warranties, accident protection and service plans for consumer products, such as smartphones, kitchen appliances, televisions and other electronics.  SquareTrade sells its Protection Plans through a number of major retailers, including Amazon, Costco, Sam's Club, Target and Staples.

24.     According to SquareTrade's website, www.squaretrade.com, Allstate and SquareTrade have over 70 million active policies.

25.     SquareTrade's market performance made them an attractive candidate for Allstate, which paid approximately $1.4 billion to acquire SquareTrade in 2019.  According to Allstate's fourth quarter 2019 financial results, filed with the SEC on February 2, 2020, the Allstate

Protection Plans (formerly SquareTrade Protection Plans), generated $700 million in revenues, and $38 million in adjusted net income in 2019, alone.

26.     Once a consumer purchases a Protection Plan from Costco, SquareTrade is supposed to send an email to the customer regarding the plan and provides a link or other access to the Terms and Conditions of the Protection Plan.  According to Costco's website, SquareTrade is to send plan purchasers an email also detailing the process to register the Protection Plan.

27.     Costco's website provides a link to the Terms and Conditions on its website that purchasers can view prior to purchase, but those Terms and Conditions are clearly marketed as a sample, and the first page of the document informs consumers that the Terms and Conditions will be sent to them after they purchase a Protection Plan.

28.     Customer complaints and online reviews make clear that SquareTrade does not always provide purchasers of Protection Plans an email with the plan's relevant Terms and Conditions.

***Costco's Concierge Program***

29.     Costco offers Costco Concierge Services as a courtesy to all of its members who have purchased select electronics or appliances from Costco.  For certain products, through the concierge program, Costco provides its members with free technical support for the electronics it sells, which includes set up and product use advice and trouble-shooting assistance.  Members are able to access the service by dialing an 800 number that is listed on Costco's website.  Members are eligible to Concierge Services free technical support when they purchase televisions, Tuner-Free Displays, projectors, desktops, laptops, all-in-ones, major appliances, touch tablets, cameras, camcorders, home theater systems, DVD players, Blu-ray players or printers.

30.     Through its Concierge Services, Costco also provide members who buy certain products an extended manufacturer's warranty for up to two years from the date of purchase at no additional charge.  The second-year warranty is offered on the following items: televisions, tuner-free displays, projectors, computers and major appliances.  Thus, Costco essentially mirrors the manufacturer's warranty one-year warranty for the second year.

***Defendants Employ Deceptive Practices and False Advertising to Sell Protection Plans***

31.     Costco is a membership warehouse club that is based on the concept of offering its members low prices on a limited selection of branded and private-label products in a wide range of categories.  A person must be a member to shop at Costco, and memberships can be purchased in-store or online.  Costco annual membership fees range from $60 (for Standard Gold Star) to $120 (for Gold Star Executive, which offers various benefits over the lower-priced membership).

32.     Costco offers for purchase to its members who buy eligible products a Protection Plan administered by SquareTrade.  The Protection Plan can be purchased either in-store or online and is marketed as an extended warranty for years 3, 4 and 5, with years 1 and 2 covered by Costco Concierge.  The Protection Plans are priced according to the underlying price of the eligible electronic device or appliance (a Covered Item).  For instance, a 3-year Protection Plan for a television that costs more than $1,000 is $99.99.  A Protection Plan for televisions that cost between $500 and $1,000 is $64.99.  A Protection Plan for televisions that cost less than $500 is $34.99.

33.     Costco offers a variety of Protection Plans for various eligible electronics as follows:

| Item | Price | Length of Plan |
|------|-------|----------------|
| Camera/Tablet under $300 | $29.99 | 2 years |

| | | |
|---|---|---|
| Camera/Tablet $300-750 | $49.99 | 2 years |
| Camera/Tablet over $750 | $79.99 | 2 years |
| All iPads | $79.99 | 2 years |
| Major appliances under $1,000 | $79.99 | 3 years |
| Major appliances $1,000-2,000 | $99.99 | 3 years |
| Major appliances over $2,000 | $119.99 | 3 years |
| Kitchen Suites under $2,000 | $159.99 | 3 years |
| Kitchen Suites $2,000-4,000 | $299.99 | 3 years |
| Kitchen Suites above $4,000 | $399.99 | 3 years |
| Laundry Suite under $2,000 | $159.99 | 3 years |
| Laundry Suite $2,000 and up | $199.99 | 3 years |
| Televisions under $500 | $34.99 | 3 years |
| Televisions $500-1,000 | $64.99 | 3 years |
| Televisions above $1,000 | $99.99 | 3 years |
| Computers under $500 | $69.99 | 3 years |
| Computers over $500 | $99.99 | 3 years |

34.     While a Costco member typically purchases a Protection Plan at the time he or she buys the underlying Covered Item at a Costco warehouse or online, a member can purchase a protection plan up to 90-days after buying an eligible product from Costco.

35.     For most items eligible for a Protection Plan, on its website, Costco typically markets the plans as five-year extended warranties, and makes clear that years one and two of the extended warranty are covered by "Costco Concierge," and the remaining two- or three-years (*i.e.*, years three, four and five) of the warranty are covered by SquareTrade.

36.     Costco's website generally describes the SquareTrade Protection Plans it sells.  For example, the Protection Plan for a television over $1,000, costs $99.99, and offers three additional years on top of the two-year warranty offered by Costco Concierge, which Costco markets as a 5-year warranty.  Costco's website describes the $99.99 3-year SquareTrade Protection Plan as follows:

**Product Details**

**Protect your new TV with SquareTrade for total service & support.**

SquareTrade protection adds coverage, service and support you don't get with the manufacturer's warranty alone.

| Coverage & Service | Manufacturer's Warranty | square Trade \| an Allstate company |
|---|---|---|
| 100% Parts & Labor | ✓ | ✓ |
| Brand New Parts | ✓ | ✓ |
| In-The-Box Accessories Covered | ✓ | ✓ |
| Expert Troubleshooting | Basic | Premium |
| In-home Service (If Needed) | Large TVs Only | All TVs |
| Covers Shipping for Repairs | Sometimes | Always (incl. manufacturer repairs) |
| 5-Day Service Guarantee* | ✗ | ✓ |
| File a Claim on Mobile App | ✗ | ✓ |
| Single Service Visit Guarantee <$1000 | ✗ | ✓ |
| Brand New Replacement Guarantee | ✗ | ✓ |
| Choice of Replacement TV | ✗ | ✓ |
| Power Surge Protection | ✗ | ✓ |
| Intelligent Repair Prediction | ✗ | ✓ |
| Self-scheduling Repair Appointments via Online App | ✗ | ✓ |

*Service appointment scheduled within 5 days of approved claim unless manufacturer service required.



**SquareTrade plus 2-year manufacturer's warranty**

| Covered by Manufacturer or Costco Concierge™ | | Covered by SquareTrade | | |
|---|---|---|---|---|
| YEAR 1 | YEAR 2 | YEAR 3 | YEAR 4 | YEAR 5 |

**SquareTrade plus 3-year manufacturer's warranty**

| Covered by Manufacturer | | | Covered by SquareTrade | |
|---|---|---|---|---|
| YEAR 1 | YEAR 2 | YEAR 3 | YEAR 4 | YEAR 5 |

**SquareTrade plus 5-year manufacturer's warranty**

| Covered by Manufacturer | | Covered by SquareTrade | | |
|---|---|---|---|---|
| YEAR 1 | YEAR 2 | YEAR 3 | YEAR 4 | YEAR 5 |

**Award-winning service**

37.     Costco's website also provides a link to the terms and conditions of the SquareTrade Protection Plan for each of the plans it sells.  However, the link to download the terms and conditions does not provide the actual terms and conditions of the Protection Plan.  Instead, the link provides sample terms and conditions, with the first page of the document stating: "SAMPLE TERMS & CONDITIONS", "Please note: This is a sample Terms and Conditions only.

You will receive your actual Terms and Conditions after your purchase is completed." Thus, the purchaser is unaware of the terms and conditions of their specific plan at the time of purchase.

38.    In store, Costco advertises and sells the Protection Plans by providing Brochures with summary information and by sales representatives' tactics. The Brochure does not include the full Terms and Conditions and the sales representatives do not have full knowledge of the Terms and Conditions. Instead, the Brochure clearly states that members who purchase a Protection Plan get "5 total years of protection," and states that years one and two are covered by the manufacturer or Costco Concierge Services, and years three through five are covered by SquareTrade. The Brochure does not include any additional information concerning variations in coverage by SquareTrade, such as if a manufacturer's warranty is five years. Also, Costco sales representatives encourage members to purchase a Protection Plan, but the sales associates are not aware of the details of the Terms and Conditions. For these reasons, Costco members are unable to determine what, if any, benefit they will receive by purchasing a Protection Plan.

39.    For certain Protection Plan purchasers who present their receipt at a Costco guest services desk after they purchase a Protection Plan, Costco provides them with a "welcome letter" ("Welcome Letter" attached hereto as Exhibit B), which appears to be from SquareTrade and provides purchasers with "plan information," such as a plan number and their plan price, coverage start date, coverage end date, and other information. The Welcome Letter also states in bold, capital letters, "YOUR TV IS PROTECTED FOR 5 YEARS," and indicates "Costco Wholesale extends the manufacturer's warranty to two years from the date of purchase. Three years of added protection begins after that." In the same Welcome Letter, SquareTrade markets the "coverage end date" of the plan as "After Costco Concierge or Manufacturer's Warranty Expiration." SquareTrade does not provide the plan purchaser with any additional information regarding length

or scope of coverage so that the purchaser can evaluate the value of the plan as it relates to the Covered Item he or she has purchased.  Thus, if a person purchased a Covered Item with a five-year warranty, based on SquareTrade's marketing and plan materials, a purchaser is led to believe that the Protection Plan terms begin "[a]fter … [the] Manufacturer's Warranty Expiration," thus implying eight years of coverage.

40.     While Costco and/or SquareTrade state that the relevant Terms and Conditions for the Protection Plan will be provided to the consumer later, based on customer reviews of the plans on Costco's website, many purchasers never receive a copy of the terms and conditions for the specific Protection Plan they purchase.

41.     When SquareTrade does provide the Terms and Conditions to Costco members who purchase a Protection Plan, it does so only *after* the plan is purchased.  SquareTrade typically provides the Terms and Conditions to purchasers by email, and the Terms and Conditions are set forth in the body of the email and a url link to the same information is also included in the email.

42.     Defendants have committed a series of deceptive practices in conjunction with its sales of the Protection Plans.  First, Defendants engage in deceptive sales practices by failing to provide to customers at the time of purchase the Terms and Conditions of the full Protection Plan.  Second, Defendants use deceptive sales practices in the Brochure and Welcome Letter because they fail to disclose enough information, or include confusing information, regarding the Protection Plan benefits in instances where the manufacturer's warranty on a Covered Item exceeds two years.  Third, Costco's deceptive sales practices have led its employees to misrepresent the terms of the Protection Plan in that the employees are not trained or informed of the details of the Terms and Conditions or the value or coverage of the plans when members purchase a Protection Plan for a Covered Item with a manufacturer's warranty of, for example,

14

five-years, such as the Samsung television purchased by Plaintiff. Costco representatives mislead members to believe the Protection Plan begins after the manufacturer's warranty ends (without regard to the length of the manufacturer's warranty), thus, implying in Plaintiff's instance, the plan would provide eight years of warranty coverage (five years under the manufacturer's warranty plus 3 years under the Protection Plan warranty). In truth, when a Costco member purchases a Protection Plan for a Covered Item with a five-year manufacturer's warranty, the plan is virtually worthless, but Defendants still collect the fee for the plan, which in Plaintiff's instance was $99.99.

43.     Defendants' standardized process for selling the Protection Plans is deceptive in that the Protection Plans marketed and sold to customers fails to provide access to the Terms and Conditions prior to, upon, or in some cases even after, sale of the plan.

44.     Costco's own website allows people to publish reviews of Costco purchases and are replete with accounts of Costco and SquareTrade's failure to provide enough information for the purchaser to even determine if the Protection Plan purchased provides any benefit whatsoever. For instance, one review on Costco's website of a Protection Plan in connection with the purchase of a television over $1,000, stated:

> **Television Protection Plan**
> Protection plan from Allstates [*sic*] Square Trade is impossible to access and cannot be delivered electronically as promised. Can't tell if it is a 3 year or 5 year plan. Cannot contact them in any way.
>
> *         *         *
>
> **Poor followup [*sic*] of purchase**
> I bought this nearly one month ago. So far I have not received any documentation that I even possess coverage. There was no explanation of what to do if I have a problem nor was there any contact number or address submitted with the purchase.
>
> *         *         *

I bought insurance for 3 years.  Never have I ever received any paperwork providing this insurance info.  And when I have had to call for repair, it has been a nightmare tryng [*sic*]to get help.

\*       \*       \*

**Just purchased**
why would I rate an insurance (protection plan) for a product I just received and would expect to last longer than a few weeks?  I purchased plan online and all I have to show for it is a debit to my CC account - no contract, no thank you letter, no nothing!

\*       \*       \*

**Theres [*sic*] no documentation for the warrenty [*sic*]**
What I don't like is that there's no documentation or policy that you purchased the extended warranty.  Who to contact if you have issues?

\*       \*       \*

**Just an extended warranty**
This is no better than a warranty when I bought the insurance it wasn't really explicit on what it covered until after I bought it

\*       \*       \*

**No Instructions on how to use**
I bought this extended warranty a few weeks ago.  I have never received any instuctions [*sic*] of any kind about how to use the warranty.  I would give it a higher rating if I knew anything about the extended warranty.

\*       \*       \*

**WHERE'S THE PAPERWORK**
The new Samsung 65" TV is fantastic, but I have yet to get anything in writing about the free warranty (discounted amount by Costco) other than I kept proof that it was included with the order. they go paperless so we forget we have a warranty!

\*       \*       \*

**Where is it???**
After purchase online received nothing - not an email, booklet, mailing or anything to explain features or use.  Although it paid for itself through promotion, I don't have any idea what I got.

\*       \*       \*

16

I bought over a month ago and still never received any information about having it. They received the payment, and that is the only thing that said I bought it.  Hope I never need to use it.

\*       \*       \*

**Misleading company, tries to shortchange customers**
If you buy this warranty, hold on to the original hard copy of the plan terms and conditions you get from Costco, and keep it where you can find it 2-5 years later.  I bought this plan twice on two different TVs, the first in Nov. 2016, the second in Nov. 2017.  The written T&Cs for both plans specifically entitle you to a cash refund of the purchase price if SquareTrade chooses not to repair a defective product.  SquareTrade tried to force me to accept a cheap replacement TV (limited to 2 options of their choosing), and I wouldn't be able to get additional coverage for the replacement TV.  It would only be covered under whatever time and amount was left under my original plan.

If you're going through a claim with SquareTrade and bought your plan through Costco, look at the terms as written on the original hard copy plan you got from Costco before you accept anything.  Your plan might say what mine does: if SquareTrade doesn't elect to repair your product, you can get a cash refund of your full original purchase price; you can also ask for a replacement product, but "only upon Your request at Your option." SquareTrade aggressively misleads customers into thinking they are confined to picking from a limited set of replacement options without a full protection plan, and can't get a cash refund. That might be the case for plans purchased elsewhere, but not plans through Costco. I had to send them a copy of my plan and spend 2 hours arguing with them just to get them to hold up their end of the contract. The company's FAQs provide the same misleading information. And if you log in and click the link to "resend contract," they send you a different version than what you actually got from Costco—one that is far less beneficial to the customer and more advantageous to SquareTrade. They pretend as if the original plan (which is still in force) doesn't exist, and that the terms of your coverage can be changed at the company's whim without any notice to or consent by the customer.

SquareTrade can't unilaterally change the terms of an existing plan.  The terms and conditions you got at the time of purchase are the ones that actually govern the parties' contractual rights and obligations.  SquareTrade did finally agree to send me a cash refund, but called it a "one-time exception."  An exception is when you deviate from the general rule—not when you follow that rule.  I only asked SquareTrade to do what they were required to under my plan—nothing more; but they made it sound like they were doing me a special favor.

Don't let SquareTrade pressure you into accepting anything less than what your plan legally entitles you to.  This company is appallingly dishonest and egregiously misleading, and unwilling to abide by the terms of its plans.  Costco needs to stop

selling their products unless they address these problems.  Avoid them whenever possible.

*     *     *

I was supposed to get 2 yr warranty + 2 yr concierge + 3 yr square trade for 7 yrs. Apparently only got 5 yrs from their documentation.

*     *     *

I have not received any of my paperwork and I'm trying to get it so I can get the refund and can purchase the warranty for my new TV

*     *     *

With this added to mfr. and Costco, I'm covered for 6-7 years....probably won't need it though. (Sony quality)

*     *     *

**Never received email**
Tracking is unaccessible [*sic*] and no email was sent for warranty as described by Costco's website.

*     *     *

**Failure to comply with contract**
First of all, ignore the brochure and Costco sales representative, both of which provided information that was inconsistent with the actual contract that you receive after buying the product.
I had two claims.
In the case of the first claim, the issue was unresolved and SquareTrade ignored my responses that the problem was not properly fixed.
For the second claim, SquareTrade did everything it could to prevent paying my claim and eventually denied my claim despite an explanation for denial that contradicted the language of their own contract.
Upon request, Costco did nothing to assist with my valid claim.  First time Costco has not held up their end of the bargain.  A major consumer advocate should change his language about Costco to "Customer No Service"".

*     *     *

**Not able to register the warranty**
I purchased a TV at Costco and the Square Trade warranty.  Few days later I returned the tv and the warranty, but I purchased a new TV and Warranty.  I read good reviews about Square Trade and I decided to buy it.  But my experience with them is so bad till' now.  I'm dealing for one week with Square Trade in order that

18

they register the new warranty and erase the old one.  Nothing works ... they use the same stupid excuses and always they asking for time, to resolve the issue.  If something so simple, as changed a [*sic*] old number for a new number, is very difficult for Square Trade; what is going to happen if you have something more complicate as a Claim?  I will be returning the Square Trade warranty this weekend because I am not able to registered it.  I tried, online by phone and by e-mail and they keep doing the same thing ...creating stupid excuses and asking for more time.  This negative experience with Square Trade, just to register a warranty, it is enough to me to avoid them.  Definitively I do not recommend Square Trade.

*          *          *

**I'm Happy... but I wasn't told the truth by Costco**
I bought this with my TV last month.  Given the price of the TV I was going to pass on the warranty, but the sales associate told me that if I don't use the Warranty in 2yrs I can get a refund of the full price.  So i [*sic*] went ahead and bought the warranty.  Well as it happens after I purchased and got home I had another TV that I purchased the Square Trade 2 years ago almost to the day which was a more expensive TV so I did want to purchase that warranty.  I took my paperwork into Costco for a refund on that Square Trade warranty and the Customer Service team told me that they've never heard of that policy before.  I told them what the sales person had told us a couple days prior and they still denied ever hearing of that policy before.  Hence, no money back now or on the one I just purchased.  Not a happy customer

Available at https://www.costco.com/squaretrade-3-years-(for-tvs-over-%241%2C000).product.100350743.html (last visited on February 4, 2020)

45.     The consumer confusion regarding the terms, length and scope of the coverage is indicative of the Defendants' false, misleading and deceptive business practices.

46.     Defendants improperly market the Protection Plans with Terms and Conditions, yet fail to provide access to the Terms and Conditions either in-store or online before, and sometimes after, purchase.  For these reasons, Costco members purchase a protection plan thinking they get three additional years of warranty coverage on top of the manufacturer's warranty – but that is not always the case.  For instance, certain covered items sold by Costco, such as the Samsung television Plaintiff purchased at Costco, already have a five-year manufacturer's warranty, yet

Costco still encourages members to purchase the Protection Plan. In that instance, the member is getting little of value, if anything, in purchasing the $99.99 Protection Plan.

47.     Costco does not draw any distinction in selling the Protection Plans between products that might benefit from it (such as a television with only a one-year manufacturer's warranty) and products like the television Plaintiff purchased with a five-year manufacturer's warranty. For instance, Costco sells a LG 65" Class – C9 Series – 4K UHD OLED television that includes only a one-year manufacturer's warranty. So someone who buys a $99.99 Protection Plan for that television is getting full warranty coverage from SquareTrade for three full years, while someone like Plaintiff who buys a $99.99 Protection Plan for his Samsung 65" Class – Q7D Series – 4K UHD QLED LCD television gets very little warranty coverage from SquareTrade (which is identified on Costco's website as including the following: 5-day service guarantee; file a claim on a mobile app; single service visit guarantee for under $1,000; "brand new replacement guarantee;" "Choice of replacement TV;" power surge protection; intelligent repair prediction; and self-scheduling repair appointments via online app). Despite the differences in warranties for both of the televisions referenced above, the Protection Plan is the same price for each member who purchases a product with a one-year versus five-year manufacturer's warranty. If Defendants' advertising and sales tactics were clear, *i.e.*, not misleading, purchasers of a Covered Item with a 5-year warranty would have the information to decide if he should buy a warranty that offered little or no benefits.

48.     Because Defendants restrict access to the Terms and Conditions of the Protection Plans, those Terms and Conditions cannot serve as a contract between Costco and Plaintiff and the Class or between SquareTrade or Allstate and Plaintiff and the Class.

49.     According to SquareTrade's website, its protection plans do not have to be registered to be active or for purchasers to file a claim. *See* https://help.squaretrade.com/support/s/article/I-just-bought-a-new-plan-What-do-I-need-to-know-now (last visited Feb. 4, 2020).

50.     While it is unclear whether the SquareTrade Protection Plans can be "returned," Costco has a general 90-day return policy. However, Costco does not list the protection plans as an item that is returnable in the 90-day period. SquareTrade does, however, claim on its website that consumers may try the Protection Plans "risk-free for 30 days," suggesting the Protection Plans may be returned within 30 days of purchase.

***Plaintiff's Transaction***

51.     Plaintiff is an individual who has purchased a Protection Plan at a Costco warehouse located at 3705 Hampton Road, Oceanside, New York 11572.

52.     On November 9, 2019, Plaintiff purchased from Costco: (i) a Samsung 65" Class – Q7D Series – 4K UHD QLED LCD television for $1,299.98; and (ii) a Protection Plan for the television (SquareTrade protection plan for televisions over $1,000) for $99.99, advertised as a five-year Protection Plan, with Costco Concierge covering the first two years, and SquareTrade covering years three, four and five. Plaintiff paid $99.99 for the Protection Plan.

53.     Prior to the sale, Defendants did not make the Terms and Conditions of the Protection Plan available to Plaintiff.

54.     When Plaintiff purchased the television and Protection Plan, Plaintiff was told by a Costco sales representative that the Protection Plan would provide five years of additional warranty coverage on top of the television manufacturer's warranty, suggesting a total of ten, or at least

eight, years of warranty coverage.  Plaintiff relied on Costco's representations when he purchased the Protection Plan.

55.     Plaintiff asked two Costco employees who worked at the store from which he purchased the Protection Plan to provide him with details.  One representative told him the Protection Plan benefits would kick in after the manufacturer's warranty expired; another representative told him that the Protection Plan would run concurrently with the television's five-year manufacturer's warranty.  Plaintiff was also told that if he had a Costco Citi Visa credit card, he would get an additional two-years on top of the Protection Plan coverage; but Plaintiff did not have the Costco Citi Visa credit card.

56.     Plaintiff visited the Costco customer service desk after he purchased the Protection Plan and presented his receipt and was given a copy of the Welcome Letter wherein SquareTrade states that the Protection Plan "coverage end date" was "After Costco Concierge or Manufacturer's Warranty Expiration."

57.     The day after Plaintiff purchased the Protection Plan, he received an email on Sunday, November 10, 2019 at 7:16 a.m. from an email address purchaseconformation@squaretrade.com.  That email included what SquareTrade referred to as the "digital protection plan contract," which comprised Plaintiff's specific plan "details" and  the Terms and Conditions for the Protection Plan in the body of the email.  The email also provided a link, "UNDERSTAND MY COVERAGE," for Plaintiff to obtain more information concerning the Protection Plan.

58.     On or about November 15, 2019, Plaintiff then called the Costco Concierge Service and was told by a Costco employee that of the "five-year" Protection Plan Plaintiff Purchased, the manufacturer would "cover" the first year, and then the second year would be covered by Costco

Concierge services, and then the Protection Plan would "kick in" for years three, four and five. Once Plaintiff informed the Costco representative that the manufacturer's warranty for the television was five-years, the Costco representative then told Plaintiff the Protection Plan would kick in *after* the five-year manufacturer's warranty.  The Costco Concierge representative then instructed Plaintiff to call SquareTrade directly because she did not have all the details of the Protection Plans.  The Costco representative further informed Plaintiff that she understood the Protection Plan would provide him with a total of eight years of warranty coverage and that she "hadn't been told otherwise," but noted that if Plaintiff learned that the Protection Plan did not provide warranty services beyond the five-year manufacturer's warranty, he should probably seek a refund.

59.     On November 26, 2019, Plaintiff contacted SquareTrade to determine the coverage and duration of the Protection Plan.  The SquareTrade representative (named JJ) informed Plaintiff that the Protection Plan runs concurrently with the manufacturer's warranty, thus Plaintiff was not receiving three-years of additional warranty coverage following the expiration of the five-year manufacturer's warranty.

60.     At the time he purchased the Protection Plan, Plaintiff was not aware that, in actuality, the Protection Plan was redundant and unnecessary coverage that would never come into effect because the television he purchased from Costco included a five-year manufacturer's warranty.  Thus, in purchasing the Protection Plan, Plaintiff and the Class paid for "services" from Defendants that were nonexistent and Defendants took his and the Class' money without providing anything in return.  For this reason, Plaintiff and the Class are entitled to their restitution interest.

61.     Plaintiff would not have purchased the Protection Plan if he knew that Defendants were not going to offer him services it promised and advertised, including extended warranty

services after the expiration of the manufacturer's warranty.  Plaintiff was thus injured by purchasing the Protection Plan under which SquareTrade will not provide the services as advertised by Costco and SquareTrade.

62.     Plaintiff and the members of the Class have sustained damages, including restitution interest and/or consequential damages, as a direct result of Defendants' deceptive advertising and business practices, as well as interest lost on the funds paid to Costco and/or SquareTrade or the amount gained by Costco and/or SquareTrade during the time it held Plaintiff's and the Class' funds.

### Defendants Fail to Provide the Terms and Conditions to Members Prior to Purchasing the Protection Plan

63.     Defendants falsely advertise the Protection Plans' Terms and Conditions are available to customers on Costco's website.  Defendants sell the Protection Plans without sharing or even allowing the purchaser to see the Terms and Conditions they are agreeing to.  Specifically, the Protection Plans sold on Costco's website provides a link to the "Terms and Conditions", which link takes the user to terms that are clearly denominated as a "sample" and states: "This is a sample Terms and Conditions only. You will receive your actual Terms and Conditions after your purchase is completed."

64.     A Costco sales representative encouraged Plaintiff to purchase a Protection Plan in connection with the purchase of his Samsung television.  Based upon Costco's misrepresentations of the terms of the Protection Plan, Plaintiff was convinced that purchasing the Protection Plan in conjunction with his television was a prudent investment.  Plaintiff was given misinformation about the service and coverage the Protection Plan would offer him in relation to the television's five-year manufacturer's warranty.  Plaintiff was provided with a Brochure, but no Terms and Conditions, at the time he paid for the television and the Protection Plan.

65.     Defendants knew or should have known that the Terms and Conditions were not provided to purchasers of the Protection Plan prior to purchase.  As a result of Defendants' deceptive practices, Plaintiff and members of the Class have been damaged by paying for a Protection Plan that did not offer the services promised and/or advertised by Defendants.  Plaintiff suffered damages as a result of Defendants' misstatements concerning the Protection Plans.

## CLASS ACTION ALLEGATIONS

66.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a), (b)(1), and (b)(3) on behalf of the following consumer class (the "Class"):

> All purchasers of a SquareTrade Protection Plan from Costco for a Covered Item that has a manufacturer's warranty of more than two-years in New York State from February 19, 2017 to the present (the "Class Period").  Excluded from the Class are defendants, their parents, subsidiaries and affiliates, their directors and officers and members of their immediate families; also excluded are any federal, state or local governmental entities, any judicial officers presiding over this action and the members of their immediate family and judicial staff, and any juror assigned to this action.

67.     Members of the Class are so numerous that joinder of all members would be impracticable.  Plaintiff estimates that there are thousands of members of the Class.

68.     Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

a.     Whether Costco engaged in a pattern of fraudulent, deceptive and misleading conduct targeting the public through the marketing, advertising, promotion and sale of the Protection Plans;

b.     Whether SquareTrade and/or Allstate engaged in a pattern of fraudulent, deceptive and misleading conduct targeting the public through the marketing, advertising, promotion and sale of the Protection Plans;

c.      Whether Costco's acts and omissions violated N.Y. Gen. Bus. Law §§349-350.

d.      Whether SquareTrade and/or Allstate's acts and omissions violated N.Y. Gen. Bus. Law §§349-350.

e.      Whether Defendants failed and continue to fail to provide the Terms and Conditions of the Protection Plan prior to purchase and after purchase;

f.      Whether SquareTrade and/or Allstate failed to fulfill its obligations under the terms of Protection Plan;

g.      Whether Costco and its employees misrepresented the terms of the Protection Plan in order to effectuate sales; and

h.      Whether the members of the Class have damages and, if so, the extent of such damages and/or the nature of the equitable injunctive relief or statutory damages to which each Class member is entitled.

69.     The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to the Plaintiff.

70.     Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in complex class action litigation.

71.     A class action is superior to all other available methods for this controversy because:

a.      The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a

26

practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

b.       The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendants;

c.       Defendants acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

**(Against Costco for Violation of the New York General Business Law §349)**

72.       Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

73.       At all times relevant herein, the New York General Business Law ("GBL") was in effect.  GBL §349 prohibits materially misleading, consumer-oriented business acts that cause injury to the Plaintiff.  The deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances.

74.       Costco was and is doing business in the State of New York and thus is subject to New York law for the incidents described in this action.

75.       Costco's deceptive practices have caused consumers, including Plaintiff, to purchase the Protection Plans.

76.       Costco's acts and omissions of material fact in selling the Protection Plans were misleading.

77.     As a result of Costco's acts, Plaintiff and members of the Class are entitled to their restitution interest of the monies paid to and/or received by Costco, appropriate injunctive relief and other relief, as described herein

78.     Costco thus violated GBL §349 through its actions described above.

79.     Accordingly, Plaintiff and the other members of the Class were damaged when they paid for the misrepresented Protection Plans.

## COUNT II

**(Against SquareTrade and Allstate for Violation of New York General Business Law §349)**

80.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

81.     The GBL was in effect at all times relevant herein.  GBL §349 prohibits materially misleading, consumer-oriented business acts that cause injury to the Plaintiff.  The deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances.

82.     SquareTrade and Allstate were and are doing business in the State of New York and thus is subject to New York law for the incidents described in this action.

83.     SquareTrade and Allstate's deceptive practices have caused consumers, including Plaintiff, to purchase the Protection Plans.

84.     SquareTrade and Allstate's acts and omissions of material fact in selling the Protection Plans were misleading.

85.     As a result of SquareTrade and Allstate's acts, Plaintiff and members of the Class are entitled to their restitution interest of the monies paid to and/or received by SquareTrade or Allstate, appropriate injunctive relief and other relief, as described herein

86.     SquareTrade and/or Allstate have thus violated GBL §349 through their actions described above.

87.     Accordingly, Plaintiff and the other members of the Class were damaged when they paid for the misrepresented Protection Plans.

## COUNT III

### (Against Costco for Violation of New York GBL §350)

88.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

89.     The GBL was in effect at all times relevant herein.  GBL §350 prohibits materially misleading, consumer-oriented business acts that cause injury to the Plaintiff.  The deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances.

90.     Costco was and is doing business in the State of New York and thus is subject to New York law for the incidents described in this action.

91.     Costco's advertisements were false and misleading in a material respect and thus Costco has violated GBL §350.

92.     Plaintiff and the other members of the Class have been injured by Costco's false advertising.

## COUNT IV

### (Against SquareTrade and Allstate for Violation of New York GBL §350)

93.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

94.     The GBL was in effect at all times relevant herein.  GBL §350 prohibits materially misleading, consumer-oriented business acts that cause injury to the Plaintiff.  The deceptive

practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances.

95.     SquareTrade and Allstate were and are doing business in the State of New York and thus is subject to New York law for the incidents described in this action.

96.     SquareTrade and Allstate's advertisements were false and misleading in a material respect and thus SquareTrade and Allstate have violated GBL §350.

97.     Plaintiff and the other members of the Class have been injured by SquareTrade's false advertising.

## COUNT V

**(Breach of Contract against SquareTrade, CE Care Plan Corp. and Allstate)**

98.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

99.     Plaintiff entered into a contract with SquareTrade and/or Allstate pursuant to the Protection Plan's purported Terms and Conditions as described by the Costco employee selling the Protection Plan, or the summary description provided on Costco's website, since members do not receive the Terms and Conditions of the Protection Plans prior to purchase.

100.    SquareTrade and/or Allstate have breached the contract by failing to provide or offer the services that is promised by Costco's employees or on Costco's website.

101.    SquareTrade and/or Allstate have further breached the contract by either failing to provide the Terms and Conditions to Plaintiff and the Class, or misrepresenting the Terms and Conditions of the Protection Plans.

102.    As a result of SquareTrade and/or Allstate's breach of contract, Plaintiff and the other members of the Class were damaged.

## COUNT VI

### (Unjust Enrichment against all Defendants)

103.    Plaintiff incorporates and re-alleges all of the foregoing paragraphs.

104.    Plaintiff pleads, in the alternative to Count V, a claim for unjust enrichment.

105.    Defendants' false advertising and deceptive practices have caused Plaintiff and Class members to purchase a Protection Plan.

106.    Defendants were enriched by their deceptive acts and practices, at the expense of Plaintiff and the Class.

107.    It would be inequitable for Defendants to be allowed to retain the benefits conferred on them by Plaintiff and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.    Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appoint Plaintiff as the Class representative, and appoint the undersigned as Class counsel;

B.    Order Costco, SquareTrade and/or Allstate to pay Plaintiff and other members of the Class all actual, consequential, statutory and/or treble damages in an amount to be determined at trial, including restitution interest and disgorgement of all amounts paid by Plaintiff and other members of the Class to Defendants for the Protection Plan, as well as any applicable interest;

C.    Order Defendants to pay all recoverable compensatory and other actual damages sustained by Plaintiff and the Class;

D.      Issue a permanent injunction enjoining Costco and SquareTrade from engaging in the unlawful activities and practices complained of herein, or enter other appropriate equitable relief;

E.      Enter an order enjoining SquareTrade and/or Allstate from enforcing any and all terms and conditions requiring arbitration that were not provided to consumers in the pre-sale documentation, and staying all proceedings until corrective notice is provided to the claimant;

F.      Enter an order granting Plaintiff's reasonable costs and attorney's fees; and

G.      Grant in favor of Plaintiff and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and the Class, hereby demands a trial by jury.

Dated: February 20, 2020

**GARDY & NOTIS, LLP**

By: *s/ Meagan A. Farmer*
James S. Notis
Jennifer Sarnelli
Meagan A. Farmer
126 East 56th Street, 8th Floor
New York, New York 10022
Tel: 212-905-0509
Fax: 212-905-0508

**SQUITIERI & FEARON, LLP**
Lee Squitieri
32 East 57th Street
12th Floor
New York, New York 10022
Tel: 212-421-6492
Fax: 212-421-6553

*Attorneys for Plaintiff*